UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDERJEET SINGH (A-243-107-929),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.  1:26-cv-0018 DJC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Inderjeet Singh (A-243-107-929), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment.  (Id. at 16-17 (claim one).)   For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION

On January 5, 2026, petitioner filed his habeas petition. (ECF No. 1.) On January 6, 2026, the district court construed the petition as a motion for a temporary restraining order. (ECF No. 3.) The district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases. (ECF No. 3 (citing Mariagua v. Chestnut, No. 1:25-cv-01744 DJC CKD (E.D. Cal. Dec. 11, 2025 (granting temporary restraining order and ordering immediate release of immigration detainee based on finding that petitioner is likely to succeed on claim that her re-detention without a hearing violated her Fifth Amendment right to due process); Ortega v. Noem, No. 1:25-cv-01663 DJC CKD (E.D. Dec. 8, 2025) (same); Souza v. Robbins, No. 1:25-cv-01597 DJC JDP (E.D. Cal. Nov. 23, 2025 (same).) The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction. (Id.) On January 9, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 9.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), but also acknowledged that this case does not appear to present any facts distinguishing it substantively from the cases cited by the district court with the exception of Souza.[1] (Id. at 2, 7-8.) On January 12, 2026, the

---

[1] Respondents claimed that Souza, No. 1:25-cv-01597 DJC JDP, dealt with a "different subsection of § 1225—subsection (b)(1) which deals with expedited removal. (ECF No. 9 at 2.) While the petitioner in Souza was initially detained pursuant to 8 U.S.C. § 1225(b)(1), the Souza petitioner was subsequently released from detention via an Order on Release on Recognizance which stated that petitioner's release was pursuant to 8 U.S.C. § 1226. (See 11/23/25 Order, 1:25-cv-01597 DJC JDP (ECF No. 10 at 2,4).) The petitioner in Souza also received a Notice to

2

district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the cases cited in the January 6, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 10.)  In addition to granting petitioner's immediate release, the district court ordered that respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  (Id.)  The district court ordered that respondents were enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating petitioner's arrest and detention, and a timely hearing.  (Id.)  At such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 11.)  The parties did not submit any additional briefing, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing.  The parties do not dispute that petitioner entered the country on December 18, 2022 and was released following a brief encounter with Border Patrol Agents.  (ECF No. 1 at 5; ECF No. 9-2 at 2.)  Petitioner was re-detained by ICE on August 20, 2025.  (ECF No. 9-2 at 2.)  Petitioner claims, and respondents do not dispute, that petitioner was re-detained without a hearing where he could challenge his re-detention.  (ECF No. 1 at 5; ECF

---

Appear stating that she was no longer subject to expedited removal.  (Id. (ECF No. 10 at 4).)

No. 9 at 7.)  As the district court explained in <u>Mariagua</u>, <u>Ortega</u> and <u>Souza</u>, holding a petitioner released into the country by immigration officials and then re-detaining them without a hearing violates the Fifth Amendment due process clause.  <u>See</u> 12/11/2025 Order at 5-7, <u>Mariagua</u>, No. 1:25-cv-01744 DJC CKD (ECF No. 11); 12/8/2025 Order at 5-7, <u>Ortega</u>, No. 1:25-cv-01663 DJC CKD (ECF No. 11); 11/23/2025 Order at 5, <u>Souza</u>, No. 1:25-cv-01597 DJC JDP (ECF No. 10).

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Inderjeet Singh (A-243-107-929) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing18.157.imm/2